UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. ALI, et al.,<br><br>        Defendants. | No. 2:20-cv-0864-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 5).

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24 Screening Order
25      Plaintiff's complaint alleges the following:  On November 4, 2019, plaintiff was on
26 suicide watch at the California Health Care Facility.  ECF No. 1 at 12.  Defendant psychiatric
27 technician Ajah observed plaintiff tear some items of clothing and wrap them around his wrist.
28 *Id.*  Plaintiff also began covering up his windows and not responding to staff.  *Id.*  A group of

defendant correctional officers cracked open plaintiff's cell door and observed that plaintiff was not in any danger. *Id.* However, according to plaintiff, defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, and Metcalf decided to fabricate a story that plaintiff had a noose around his neck. *Id.* Relying on that alleged fiction, they charged at plaintiff with a safety shield, crashing plaintiff onto the concrete floor of his cell. *Id.* at 12-13. This group of correctional officers then allegedly punched and kicked plaintiff while he was in full restraints, trying to avoid being seen by the unit camera. *Id.* Plaintiff claims that Correctional Sergeants (and supervisors) Moreno and Yang allowed the beating to take place. *Id.* at 13. Defendant Ajah allegedly did not report this misconduct. *Id.* at 14. Liberally construed, these allegations are sufficient to state an Eighth Amendment excessive force claim against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, and Metcalf. If plaintiff wishes to also assert a claim against defendant Ajah, he must specify in an amended complaint how Ajah violated plaintiff's federal or constitutional rights.

Plaintiff's complaint alleges further, that he was subsequently charged with battery on an officer in relation to the November 4 incident and that he was found guilty and deprived of good time credits as punishment. *Id.* at 14-17. He alleges that defendant McCullough was the assigned investigative employee, that non-defendant Castillo denied plaintiff photos of the "so-call[ed] noose," and that plaintiff was not allowed to call defendant Ajah as a witness. *Id.* at 14. To the extent plaintiff wishes to pursue a claim for violation of the right to procedural due process under the Fourteenth Amendment, he must show: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). According to the CDCR inmate locator database, plaintiff is serving an indeterminate sentence. As such, any loss of credits does not give rise to a liberty interest for purposes of a due process claim. *See Christ v. Blackwell*, No. 2:10-cv-0760-EFB P, 2016 U.S. Dist. LEXIS 102825, *37-38 (E.D. Cal. Aug. 3, 2016) (a loss of credits that does not result in a shorter sentence does not give rise to a liberty interest).

Plaintiff's complaint also alleges that despite his complaints of misconduct, defendants Green, Munoz, Gaughan, and Eldridge, and non-defendants Anderson and Castillo, failed to take

any steps to protect plaintiff. *Id.* at 14-16. These allegations do not give rise to a claim as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). That is, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff claims that on December 13, 2019, after being found guilty of battery at his rules violation report hearing, defendants Saechao, Cruz, and McCullough surrounded him and pushed him while he was handcuffed behind his back. *Id.* at 16. Cruz and McCullough stood by as Saechao cut plaintiff's clothes off and forced his knee into plaintiff's back and punched plaintiff in the face. *Id.* Saechao later told plaintiff that he beat him up because had filed a grievance about the November 4, 2019 incident. *Id.* Liberally construed, these allegations state an Eighth Amendment excessive force claim against defendants Saechao, Cruz, and McCullough and a First Amendment retaliation claim against defendant Saechao.

Plaintiff alleges further that he then filed a grievance about the December 13th incident, and in January of 2020, defendants Saechao and Saeturn retaliated against plaintiff with threats of further physical harm. *Id.* at 17. Liberally construed, these allegations state a First Amendment retaliation claim against defendant Saechao and Saeturn.

Plaintiff may either proceed only with the First and Eighth Amendment claims identified herein or he may amend his complaint to attempt to cure the deficiencies also identified herein. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

/////

4

legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, the following viable claims:
   a. Eighth Amendment excessive force claims against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, and Metcalf based on November 4, 2019 incident;
   b. Eighth Amendment excessive force claims against defendants Saechao, Cruz, and McCullough based on December 13, 2019 incident;
   c. a First Amendment retaliation claim against defendant Saechao based on December 13, 2019 incident; and
   d. a First Amendment retaliation claim against defendant Saechao and Saeturn based on January 2020 incident.

4. All other claims (including all claims against defendants Ajah, Green, Munoz, Gaughan, and Eldridge) are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, Metcalf, Cruz, and McCullough, or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED: May 19, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ALI, et al.,<br><br>    Defendants. | No. 2:20-cv-0864-EFB P<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the (a) Eighth Amendment excessive force claims against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, and Metcalf based on November 4, 2019 incident; (b) Eighth Amendment excessive force claims against defendants Saechao, Cruz, and McCullough based on December 13, 2019 incident; (c) First Amendment retaliation claim against defendant Saechao based on December 13, 2019 incident; and (d) First Amendment retaliation claim against defendant Saechao and Saeturn based on January 2020 incident.

    OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
Plaintiff

Dated:

7