1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JASON LATRELL THOMAS,                    No. 2:20-cv-0864-EFB P

12              Plaintiff,

13         v.                                  ORDER

14    M. ALI, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  The court previously screened plaintiff's original complaint and found that it

19    stated viable claims against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, Metcalf,

20    Cruz, and McCullough.[1]  ECF No. 6.  The court dismissed all other claims with leave to amend.

21    *Id.*  On June 17, 2020, plaintiff notified the court that he intended to proceed with the viable

22    claims and that he would not be amending his complaint.  ECF No. 9.  Curiously, however,

23    plaintiff filed an amended complaint on the same day.  ECF No. 10.  Because an amended

24    complaint supersedes a prior complaint, the court must now screen the amended complaint.

25         [1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
26    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
      § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
27    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
      relief may be granted," or "seeks monetary relief from a defendant who is immune from such
28    relief."  *Id.* § 1915A(b).

                                            1

1    Screening of Amended Complaint

2    The amended complaint (ECF No. 10) is almost identical to the original complaint (ECF

3    No. 1).  It is different only to the extent that it (a) drops defendants Ajah, Green, Munoz,

4    Gaughan, Eldridge, and Cruz, *see* ECF No. 9 at 2-3; and (2) adds claims of "wrongful punitive

5    isolation" and "conspiracy," *id.* at 12-13.

6    The claims previously identified by the court as cognizable (*see* ECF No. 6 at 3-4) are re-

7    alleged in the amended complaint.  Thus, the amended complaint again states the following viable

8    claims:

9        a.  Eighth Amendment excessive force claims against defendants Moreno, Yang,

10         Gonzalez, Saeturn, Saechao, Ali, and Metcalf, based on an incident that allegedly

11         occurred on November 4, 2019;

12       b.  Eighth Amendment excessive force claims against defendants Saechao and

13         McCullough based on an incident that allegedly occurred on December 13, 2019;

14       c.  A First Amendment retaliation claim against defendant Saechao, based upon the same

15         December 13, 2019 incident; and

16       d.  A First Amendment retaliation claim against defendants Saechao and Saeturn based

17         upon an incident that allegedly occurred in January 2020.

18   Plaintiff's additional claims for relief – "wrongful punitive isolation" and "conspiracy" –

19   are not cognizable.  For the wrongful punitive isolation claim, plaintiff alleges that he was

20   confined to administrative segregation for 35 days.  ECF No. 10 at 9, 12.  The U.S. Court of

21   Appeals for the Ninth Circuit has held, however, that assignment of a prisoner to administrative

22   segregation, even for an indeterminate term, without more, does not constitute cruel and unusual

23   punishment.  *See Toussaint v. Yockey*, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984).  For the

24   conspiracy claim, plaintiff alleges that defendants "conspired together to infringe[] upon his

25   right[s]."  ECF No. 10 at 13. This claim cannot survive screening because it is devoid of any

26   specific allegations.  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999);

27   *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983,

28   plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him

2

1    of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for

2    conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to

3    deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.

4    1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983

5    claim).

6         Plaintiff may either proceed only with the First and Eighth Amendment claims identified

7    herein, or he may further amend his complaint.  If he chooses to proceed only with the First and

8    Eighth Amendment claims he is not required to amend his complaint.  But if plaintiff chooses to

9    amend to attempt to cure the nonviable claims, he may not change the nature of this suit by

10   alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11                                    Leave to Amend

12        Any amended complaint must identify as a defendant only persons who personally

13   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

14   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

15   constitutional right if he does an act, participates in another's act or omits to perform an act he is

16   legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an

17   amended complaint.

18        Any amended complaint must be written or typed so that it so that it is complete in itself

19   without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

20   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

22   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

24   1967)).

25        The court cautions plaintiff that failure to comply with the Federal Rules of Civil

26   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

27   *See* E.D. Cal. L.R. 110.

28   /////

1    Conclusion

2    Accordingly, it is ORDERED that:

3    1.  Plaintiff's amended complaint alleges, for screening purposes, the following viable

4        claims:

5            a.  Eighth Amendment excessive force claims against defendants Moreno, Yang,

6                Gonzalez, Saeturn, Saechao, Ali, and Metcalf based on the November 4, 2019

7                incident;

8            b.  An Eighth Amendment excessive force claims against defendants Saechao and

9                McCullough based on the December 13, 2019 incident;

10           c.  A First Amendment retaliation claim against defendant Saechao based on the

11               December 13, 2019 incident; and

12           d.  A First Amendment retaliation claim against defendants Saechao and Saeturn

13               based on the January 2020 incident.

14   2.  All other claims are dismissed with leave to amend within 30 days from the date of

15       service of this order. Plaintiff is not obligated to amend his complaint.

16   3.  Within thirty days plaintiff shall return the notice below advising the court whether he

17       elects to proceed with the cognizable claims against defendants Moreno, Yang,

18       Gonzalez, Saeturn, Saechao, Ali, Metcalf, and McCullough or file a second amended

19       complaint.  If the former option is selected and returned, the court will enter an order

20       directing service at that time.

21   4.  Failure to comply with any part of this this order may result in dismissal of this action

22       for the reasons stated herein.

23   DATED:  September 18, 2020.

24   _____
     EDMUND F. BRENNAN
25   UNITED STATES MAGISTRATE JUDGE

26

27

28

4

1

2

3

4

5                             UNITED STATES DISTRICT COURT

6                       FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    JASON LATRELL THOMAS,                       No.  2:20-cv-0864-EFB P

9                    Plaintiff,

10         v.                                     NOTICE OF ELECTION

11   M. ALI, et al.,

12                    Defendants.

13

14         In accordance with the court's Screening Order, plaintiff hereby elects to:

15

16         (1)  _____   proceed only with the (a) Eighth Amendment excessive force claims
17   against defendants Moreno, Yang, Gonzalez, Saeturn, Saechao, Ali, and Metcalf based on the
     November 4, 2019 incident; (b) Eighth Amendment excessive force claims against defendants
18   Saechao and McCullough based on the December 13, 2019 incident; (c) First Amendment
     retaliation claim against defendant Saechao based on the December 13, 2019 incident; and (d)
19   First Amendment retaliation claim against defendants Saechao and Saeturn based on the January
     2020 incident.
20
                 OR
21

22
           (2)  _____   delay serving any defendant and files a second amended complaint.
23

24
                                            _____
25
                                            Plaintiff
26
     Dated:
27

28
                                            5