UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. ALI, *et al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-00864-TLN-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, REQUEST FOR CLARIFICATION, REQUESTS FOR COURT ASSISTANCE, AND MOTIONS TO COMPEL<br><br>ECF Nos. 110, 111, 112, 113, 115, 118, & 119<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 116<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Pending are several motions filed by plaintiff.[1]  For the reasons stated hereafter, I deny all of plaintiff's motions, save for the motion for summary judgment.  I recommend that that motion be denied as well, and I submit that recommendation to the district judge.

---

[1] I previously warned plaintiff that such flurries of motions would slow this litigation.

1

**Motion for Appointment of Counsel and for Sanctions**

Plaintiff's first motion concerns video footage that he requested and that was shown to him by CDCR officials. ECF No. 110 at 1-2. He claims that the footage was edited to reduce the field of view and implies that the complete footage is being purposefully hidden from him. ECF No. *Id.* He requests that I sanction defendants for "sabotaging" the footage. *Id.* at 3. Plaintiff also argues that I should reconsider my previous denials of his requests for counsel insofar as an attorney could possess the unedited footage that CDCR has declined to provide to him. *Id.* at 3-5. This motion is denied. Plaintiff has not presented any evidence that defendants have hidden footage from him or that other, relevant footage exists, and I decline to impose discovery sanctions or to appoint counsel based on his contentions. I will also deny plaintiff's request that defendants lodge video evidence with the court, ECF No. 119, given that this request largely restates plaintiff's claims in his first motion.

Defendants have already filed a response to these claims of "editing," stating that the only edit made was to cut the video to the period at issue, from 3:30 to 5:30 pm when the use-of-force incident occurred. ECF No. 122 at 2. Any failure to capture certain events is attributable to the limitations of the cameras, which defendants state do not capture every portion of the building. *Id.* I cannot compel defendants to produce what they do not possess. Based on defendants' response and the sworn affidavit of the investigative officer that they have submitted, I consider this issue resolved. Thus, I will also deny plaintiff's other motions that concern the production of the "unedited" footage. ECF Nos. 112, 115, & 119.

**Motion to Compel a Response**

Plaintiff has filed a motion asking after the status of his motion to compel, ECF No. 103. As he notes in his motion, I directed defendants to file a response to that motion, ECF No. 106, and they did so, ECF No. 109. He claims that he never received the opposition defendants filed and is apparently under the mistaken impression that they failed to comply with my order. ECF No. 113 at 1. The motion to compel at issue has already been denied and this motion will be denied as moot.

2

**Motion for Order that Facts or Genuineness be Taken as Established**

This unusually titled motion alleges that plaintiff served requests for admission on defendants in December 2023 and never received a response. ECF No. 117. Plaintiff also served additional interrogatories and requests for production alongside those requests for admission, and allegedly received no response to those, either. *Id.* at 1-2. The motion, as worded, appears to ask only that I deem the requests for admission admitted, however. *Id.* Defendants have not filed a response. I will order them to do so and defer ruling on it until it is fully briefed.

**Motion to Compel**

Plaintiff's first motion to compel, ECF No. 118, argues that defendant Galilio failed to respond adequately to his interrogatories and requests for production. *Id.* at 1-2. He has failed to carry his burden and the motion to compel will be denied. Rather than describing how each of the responses is inadequate, plaintiff broadly argues that Galilio's responses are "improper" and that defendant has failed to do his due diligence. *Id.* at 2. Plaintiff broadly references CDCR policy and claims that this indicates that defendants do have evidence that they are withholding in an attempt to cover-up their misconduct. *Id.* To succeed on a motion to compel, the moving party must explain why each disputed response is inadequate or unjustified. *See Waterbury v. Scribner*, No. 1:05-cv-0764-OWW-DLB (PC), 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008) ("[A]t a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified."). This motion is denied.

**Motion for Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). I recommend that plaintiff's motion for summary judgment be denied because genuine disputes of material facts persist. This is not the first time plaintiff has moved for summary judgment, ECF No. 66, and I recommended that the previous motion be denied based on the existence of genuine disputes of fact as to whether defendants used excessive force against him in 2019, ECF No. 99. Those

recommendations were adopted. ECF No. 102. As before, plaintiff's motion does not contain sufficient argument or evidence to establish that his version of the facts is the only plausible ones. Competing narratives exist as to the use of force in 2019 and whether defendants retaliated against him in late 2019 and early 2020. No "smoking gun" has surfaced between his last motion for summary judgment and the current one, and I see no reason to reconsider my previous analysis. And defendants' opposition, ECF No. 124, adequately establishes the plausibility of their own, competing versions of events. This motion should be denied.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to appoint counsel, ECF No. 110, request for clarification, ECF No. 111, request for assistance, ECF No. 112, motion to compel, ECF No. 113, motion requesting assistance, ECF No. 115, and motions to compel, ECF Nos. 118 & 119, are all DENIED.

2. Defendants shall file a response to plaintiff's motion for order, ECF No. 117, within twenty-one days of this order's entry. Plaintiff's reply, if any, is due seven days after the response. I will rule on that motion once it is fully briefed.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment, ECF No. 116, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5